IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. BARRY DEE BENNETT, Defendant. | MEMORANDUM DECISION AND ORDER RELEASING DEFENDANT ON PRETRIAL CONDITIONS  Case No. 2:24-CR-205-TS  District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Review of Detention by District Judge. The Court conducted a hearing on the Motion on July 16, 2024. For the reasons described herein, the Court orders that Defendant be granted pretrial release, subject to certain conditions.

I. BACKGROUND

Defendant is charged in a two-count Indictment for Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) (Count I) and Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) (Count II). Magistrate Judge Dustin Pead conducted a detention hearing on July 2, 2024. After hearing evidence on the government's Motion for Detention, the Magistrate Judge ordered Defendant detained. On July 8, 2024, Defendant filed a Motion for Review of Detention by District Judge. The Court conducted a hearing on July 16, 2024. At the hearing, the government indicated that, since the July 2 detention hearing, Defendant's counsel had helped him procure admission to a drug treatment program. Based on that change in circumstance, the government believed that

imposition of strict pretrial release conditions would reasonably assure Defendant's appearance as required and the safety to the community.

## II.  STANDARD OF REVIEW

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1). The Court conducts a de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[1] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[2]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[3]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under § 3145(a) is de novo).

[2] *Lutz*, 207 F. Supp. 2d at 1251.

[3] 18 U.S.C. § 3142(b), (c), and (e).

committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."

As stated, Defendant is charged in Count I with Possession of Methamphetamine with Intent to Distribute, punishable under 21 U.S.C. § 841(b)(1). This charge carries a maximum term of 20 years' imprisonment. The Indictment constitutes probable cause that Defendant participated in the acts alleged.[4] Therefore, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[5]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence.[6] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

[4] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[5] *Id.* at 1354–55.

[6] *Cisneros*, 328 F.3d at 616.

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[7]

## III.  DISCUSSION

Considering the government's position that strict conditions will reasonably assure Defendant's appearance as required and the safety of the community, in addition to Defendant's apparent strong family and community support, stable employment and housing, and previous successes in maintaining long periods of sobriety, the Court finds that the § 3142(g) factors weigh in favor of release. While the Court has concerns about the seriousness of the alleged offense and Defendant's alleged drug use leading up to his arrest for the offense, the Court believes imposition of strict pretrial release conditions, including frequent drug testing and required participation in a drug treatment program, will adequately alleviate any risk he poses to the community. Further, the Court finds little evidence to suggest Defendant poses a risk of flight. Accordingly, the Court will grant Defendant pretrial release, subject to his strict compliance with all imposed release conditions. The Court reminds Defendant that any failure to submit to drug testing as scheduled by his probation officer, or submission of a drug test indicating use of illicit substances will result in revocation of his pretrial release. A separate order listing each condition of release with which Defendant must comply will follow.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant is to be transported by the United States Marshals to the United States District Court for the District of Utah Courthouse on the morning of July 17, 2024, to be rolled up and released. It is further

---

[7] 18 U.S.C. § 3142(g).

ORDERED that Defendant must sign an acknowledgement of his pretrial release conditions prior to his release. Counsel must deliver the signed copy of the Order setting conditions of release to the Clerk's Office. It is further

ORDERED that the Magistrate Judge's Order of Detention (Docket No. 9) is REVERSED. It is further

ORDERED that the government's Motion for Detention (Docket No. 7) is DENIED.

DATED this 16th day of July, 2024.

BY THE COURT:

Ted Stewart
United States District Judge