IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>BARRY DEE BENNETT,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:24-CR-205-TS<br><br>District Judge Ted Stewart |

    This matter is before the Court on Defendant's Motion to Dismiss Count II of the Indictment.[1] For the reasons explained below, the Court will deny the Motion.

    On or about June 19, 2024, law enforcement officers executed a search warrant on Defendant Barry Bennett's residence. During the search, officers allegedly discovered six firearms and a distributable amount of methamphetamine. Defendant was subsequently charged with Possession of Methamphetamine with Intent to Distribute in violation of 18 U.S.C. § 841(a)(1) (Count I) and Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. 922(g)(1) (Count II).[2] Defendant moves to dismiss Count II on the grounds that Section 922(g)(1) is unconstitutional, as applied to him, under the Supreme Court's decisions in *New York State Rifle & Pistol Association, Inc. v. Bruen*[3] and *United States v. Rahimi*.[4]

    In support of his position, Defendant argues that, in *Rahimi* "[p]ossessing a weapon in a menacing or threatening manner was . . . a threshold for *why* the prohibition was relatively

---

[1] Docket No. 47.

[2] Docket No. 1.

[3] 597 U.S. 1 (2022).

[4] 602 U.S. 680 (2024).

similar with laws around the time of our nation's inception."[5] Because Defendant was found to be possessing firearms "passively" and not in a manner threatening to others, and because his criminal history includes only non-violent and dated crimes, Defendant argues § 922(g)(1) is unconstitutional as applied to him.[6]

Since the time Defendant filed the instant Motion, the Tenth Circuit issued its decision in *Vincent v. Bondi*,[7] wherein the Tenth Circuit "upheld the constitutionality of § 922(g)(1) without drawing constitutional distinctions based on the type of felony involved."[8] In reaching this conclusion, the Tenth Circuit considered whether the *Rahimi* decision required the Court to depart from its decision in *United States v. McCane*,[9] which found § 922(g)(1) to be constitutional "without drawing constitutional distinctions between the type of felony involved."[10] Upon finding that *McCane* had not been "indisputably and pellucidly abrogated" by *Rahimi*, the Tenth Circuit concluded that "the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders like [the defendant]."[11] Based on this clear and controlling precedent from the Tenth Circuit, the Court concludes that § 922(g)(1) is constitutional as applied to Defendant and will, accordingly, deny his Motion to dismiss Count II.

---

[5] Docket No. 47, at 6.

[6] *Id.*

[7] 127 F.4th 1263 (10th Cir. 2025).

[8] *Id.* at 1266.

[9] 573 F.3d 1037 (10th Cir. 2009).

[10] *Vincent*, 127 F.4th at 1266.

[11] *Id.*

3

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 47) is DENIED.

DATED this 9th day of April, 2025.

BY THE COURT:

Ted Stewart
United States District Judge